# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW JAMES JOHNSTON,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTOPHER A. WRAY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 20-2198 (UNA)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

This matter is before the Court on review of this *pro se* plaintiff's application to proceed *in forma pauperis* and his civil complaint. The Court will grant the application, and for the reasons discussed below, dismiss the complaint.

Plaintiff alleges that an Agent of the Federal Bureau of Investigation threatened and intimidated his girlfriend, Samantha Bellinder, and her father, and thereby dissuaded them from testifying in his defense at his criminal trial. *See* Compl. at 1-2. He states that Ms. Bellinder communicated to him that the Agent threatened to cause her Social Security benefits to be suspended and "to bring some form of criminal charges against her." *Id.* at 2. Further, plaintiff alleges that Ms. Bellinder has not communicated with him since the court entered judgment in the criminal case. *See id.* Plaintiff does not challenge his trial proceedings or conviction. His complaint, rather, focuses on the effect of the Agent's alleged conduct on Ms. Bellinder. He thus seeks "a permanent injunction setting aside all actions taken by [the FBI Agent] towards [Ms.

Bellinger]" and an "injunction direct[ing Ms. Bellinder] to send plaintiff a letter via certified mail[.]"  *Id*.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'"  *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009).  "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue."  *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted).  A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  It is Ms. Bellinder, not plaintiff, who has standing to bring claims arising from the FBI Agent's alleged wrongful acts.  Furthermore, because Ms. Bellinder neither is a party to this action nor appears to be subject to this Court's jurisdiction, the Court cannot order her to communicate with plaintiff.

An Order is issued separately.

DATE: December 17, 2020                     /s/
                                            CHRISTOPHER R. COOPER
                                            United States District Judge